# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

vs

SHELDON JOEL RAMNARAINE

Case Number. 6:11-cr-356-Orl-36TBS
USM Number: 55635-018

F. Wesley Blankner, Jr., Retained
217 E. Ivanhoe Blvd N
Orlando, FL 32804

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One and Two of the Indictment. Accordingly, the court has adjudicated Defendant guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1) | Distribution of Child Pornography | December 21, 2010 | One |
| 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | March 25, 2014 | Two |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the court and United States attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence:

July 12, 2012

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

December 8, 2015

Sheldon Joel Ramnaraine
6:11-c35176-Orl-36TBS

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **87 MONTHS**. This term consists of 87 months on each of Counts ONE and TWO, all such terms to run concurrently.

Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

Sheldon Joel Ramnaraine
6:11-c35176-Orl-36TBS

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant shall be on supervised release for a term of *15 years.* This term consists of a 15 year term as to Counts One and Tow, all such terms to run concurrently.

Defendant shall report to the probation office in the district to which Defendant is released within 72 hours of release from custody of the Bureau of Prisons.

Defendant shall not commit another federal, state or local crime.

Defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

**The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders Defendant to submit to random drug testing not to exceed 104 tests per year.**

Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that Defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. Defendant shall not leave the judicial district without the permission of the court or probation officer;

2. Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. Defendant shall support his or her dependents and meet other family responsibilities;

5. Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. Defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. Defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. Defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, Defendant shall notify third parties of risks that may be occasioned by Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm Defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. Defendant shall provide the probation officer access to any requested financial information.

2. Defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. Defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3. Defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct Defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

5. Defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

6. Defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. Defendant shall permit routine inspection of his computer system, hard drives, and other medial storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. Defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

7. Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

8. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Sheldon Joel Ramnaraine
6:11-c35176-Orl-36TBS

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties immediately.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | -0- | -0- |

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Indictment and the Preliminary Order of Forfeiture, that are subject to forfeiture. (i.e. Dell laptop with internal Seagate hard drive (model number ST9320325AS, serial number 5VD0D1AF), Transcend 16 Gb memory card, and a Scandisk flash media drive.)

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.