# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 06, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-15668-BB
Case Style: USA v. Sheldon Ramnaraine
District Court Docket No: 6:11-cr-00356-CEH-TBS-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15668
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00356-CEH-TBS-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

SHELDON JOEL RAMNARAINE,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 6, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Sheldon Joel Ramnaraine appeals from his 87-month sentence, imposed after he pled guilty to possession and distribution of child pornography. He argues the district court erred in applying 5-level enhancements under United States Sentencing Guideline § 2G2.2(b)(3)(B) and (b)(7)(D). After careful consideration, we affirm.

I.

Ramnaraine was charged with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). He pled guilty to both counts without a plea agreement. The presentence investigation report ("PSR") calculated Ramnaraine's base offense level as 22. It then applied a number of enhancements, including a 5-level enhancement under Guideline § 2G2.2(b)(3)(B) and a 5-level enhancement under § 2G2.2(b)(7)(D). Ramnaraine made a general objection to these enhancements at his sentencing, but admitted that "if the United States Attorney called the FBI witness to testify," the district court would have no "legal basis" to reject the enhancements. He also did not dispute the facts in the PSR. Based on the government's factual proffer at sentencing and the facts in the PSR, the district court overruled Ramnaraine's objection. The court granted a downward variance, however, and imposed an 87-month sentence. This appeal followed.

II.

We generally review a district court's findings of fact for clear error and review de novo its application of the guidelines. United States v. Gupta, 463 F.3d 1182, 1199 (11th Cir. 2006). "[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on." United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013).

When a defendant raises a sentencing claim on appeal that he did not raise to the district court, we review for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam). "For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. (quotation omitted). "If these conditions are met, we may exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 751 F.3d 1244, 1257 (11th Cir. 2014) (quotation omitted).

Under Guideline § 2G2.2(b)(3)(B), a 5-level enhancement applies if the defendant distributed child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." USSG § 2G2.2(b)(3)(B) (2011).[1]

---

[1] "In reviewing the district court's application of the Guidelines, this Court applies the version of the guidelines in effect on the date of the sentencing hearing," as well as any clarifying amendments issued later. United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir.

3

In the context of file-sharing programs, "the mere use of [such] a program . . . does not, by itself, establish a transaction" that will support the enhancement. United States v. Spriggs, 666 F.3d 1284, 1288 (11th Cir. 2012). Instead, the evidence must show that the defendant's sharing of child pornography with other users was conditioned on something in return, such as a return promise to share. Id.

Guideline § 2G2.2(b)(7)(D) imposes a 5-level enhancement if the offense involved at least 600 images of child pornography. USSG § 2G2.2(b)(7)(D) (2011); id. § 2G2.2 cmt. n.4(A). A video that contains child pornography is equivalent to 75 images. Id. § 2G2.2 cmt. n.4(B)(ii).

### III.

Although Ramnaraine objected to the enhancements under Guideline § 2G2.2(b)(3)(B) and (b)(7)(D) at sentencing, he did not make any legal argument to the district court about why these enhancements should not apply. We thus review for plain error only. See Aguillard, 217 F.3d at 1320. Also, because Ramnaraine stipulated to the government's factual proffer, we can rely on the proffer to determine whether the district court plainly erred in applying these enhancements. See Washington, 714 F.3d at 1361.

---

2011) (quotation omitted and alteration adopted). Although Guideline § 2G2.2(b)(3)(B) was amended in 2016, Ramnaraine does not argue the amended Guideline should apply in his case and indeed says it has "no application." See USSG § 2G2.2(b)(3)(B) (2016). We thus apply the 2011 Guideline without deciding anything more.

We conclude the district court correctly applied both 5-level enhancements. As to Guideline § 2G2.2(b)(3)(B), the PSR stated that Ramnaraine used Gigatribe, a file-sharing program.  At sentencing, the government proffered that Ramnaraine admitted in his interviews with law enforcement that he used Gigatribe in order to trade child pornography.  The government also described a chat recovered from Ramnaraine's computer in which Ramnaraine told another user, "[E]ither you share or I will ban you."  Together, this was sufficient evidence that Ramnaraine conditioned his sharing of child pornography on a return promise to share.  See Spriggs, 666 F.3d at 1288.  Thus, the district court did not err in applying the 5-level enhancement under Guideline § 2G2.2(b)(3)(B).

As to Guideline § 2G2.2(b)(7)(D), the PSR stated that an undercover law-enforcement officer downloaded "390 pictures and 3 videos of child pornography" from Ramnaraine and that a forensic computer examiner later found "210 images and 4 videos" on Ramnaraine's electronic storage device.  As each video is considered to have 75 images, USSG § 2G2.2 cmt. n.4(B)(ii), Ramnaraine's offense involved 1,125 images, well over the 600-image minimum needed to apply the 5-level enhancement.  See id. § 2G2.2(b)(7)(D).  Thus, there was no error by the district court.

**AFFIRMED.**